IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| ELIO FLORES, JR., | ) | C/A No. 4:07-109-CMC-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| COLIE RUSHTON, WARDEN OF | ) | |
| MCCORMICK CORRECTIONAL | ) | |
| INSTITUTION, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Elio Flores, Jr. ("petitioner/Flores"), a *pro se* prisoner, seeks habeas relief pursuant to 28 U.S.C. 2254. This matter is before the Court on the respondent's motion for summary judgment. (Docket Entry # 11.)[1]

Petitioner filed this petition for a writ of habeas corpus on January 12, 2007. On April 18, 2007, respondent filed a motion for summary judgment, along with supporting memorandum and exhibits. The undersigned issued an order filed April 19, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. On June 5, 2007, petitioner filed a response to respondent's motion for summary judgment.

---

[1]This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## I. FACTS/PROCEDURAL HISTORY

There has been no significant opposition filed as to the procedural history as set out by the respondent. Therefore, the undisputed procedural history as set out in respondents' memorandum will be discussed below.

Petitioner is currently incarcerated at the McCormick Correctional Institution ("MCI") of the South Carolina Department of Corrections ("SCDC"). In April 2001, petitioner was indicted for first degree burglary, assault and battery with intent to kill ("ABWIK"), armed robbery, attempted first degree criminal sexual conduct ("CSC"), and possession of a firearm during the commission of a violent crime (2001-GS-43-292). Robert Burkette represented petitioner on the charges.

On July 27, 2002, a Blair[2] hearing to determine petitioner's competency to stand trial was held before the Honorable Clifton Newman. (App. 2-25.) At the conclusion of the hearing, Judge Newman found petitioner competent to stand trial. (App. 24-25.) On August 7, 2002, petitioner pled guilty to burglary and ABWIK before the Honorable Howard King. At the guilty plea, the Solicitor informed Judge King that, subject to the entry of the plea, he would dismiss the armed robbery, possession of a weapon during the commission of a violent crime and attempted CSC and he recommended a concurrent sentence not to exceed thirty (30) years. (App. 37.) Judge King deferred sentencing petitioner.

On May 28, 2003, Judge King sentenced petitioner to two concurrent terms of twenty (20) years. (App. 93-94.) However, prior to his sentencing, petitioner, represented by attorney Kenneth

---

[2] State v. Blair, 273 S.E.2d 536 (S.C.1981).

R. Young, made a motion to withdraw the plea. (App. 58-59.) Over the State's objection, petitioner's counsel called Dr. Noelker as a witness to testify as to the petitioner's competency to stand trial. (App. 60.) Judge King denied the motion finding that he lacked authority to overrule another circuit court judge, i.e., Judge Newman's ruling on petitioner's competency. (App. 84-86.)

Petitioner did not filed a direct appeal. On March 26, 2004, petitioner filed an application for post-conviction relief ("PCR") raising the following claims for relief:

1. Ineffective Assistance of Counsel - Counsel was inept and failed to investigate, research, and prepare a defense.

>A. Witness statements of Pamela Simpkins and Eddie Cooks were not sworn or notarized and warrants should not have been issued.
>
>B. Advice to plead guilty in error where affiant on arrest warrant was same person who served the warrant.
>
>C. Failed to consult with Applicant after he pled guilty about an appeal.
>>i. Applicant had issues related to jurisdiction to raise in an appeal.
>
>D. Counsel advice on plea was ineffective because he did not advise him that he was ineligible for parole.
>
>E. Counsel did not prepare a defense to a possible double jeopardy violation where offense of burglary has element concerning bodily harm to victim and assault and battery with intent to kill also includes a similar element.
>
>F. Counsel did not have a meaningful discussion about his potential defenses.
>>i. No oath or affirmation to support probable cause for warrants.
>>ii. Affiant who swore out warrant was the same person who served the warrant.
>>iii. Jurisdictional Defects.

2. Guilty Plea Not Freely, Knowingly Voluntarily Given.

>A. Received ineffective assistance of counsel.
>
>B. Court did not advise him on the record that he was ineligible for parole.
>
>C. Not aware of law in relation to facts of the case or defenses.

3. Circuit Court Lacked Jurisdiction.

    A.  Indictments not filed in Clerk's Office.

    B.  Indictment for Burglary is vague and ambiguous.

    C.   No person at the Grand Jury had personal knowledge of the facts.

(App. 103-118.)  On March 17, 2005, petitioner's counsel filed a memorandum raising the same issues.  (App. 119-129.)  On March 23, 2005, a hearing was held before the Honorable Thomas W. Cooper, Jr.  Petitioner was present and represented by attorney Charles Brooks.  At the conclusion of the hearing, Judge Cooper took the matter under advisement.  On July 7, 2005, Judge Cooper filed an order denying petitioner PCR.  (App. 194-201.)

Petitioner filed a notice of appeal from the denial of PCR.  On appeal, he was represented by Robert Pachak of the South Carolina Office of Appellate Defense. On November 23, 2006, appellate counsel filed a <u>Johnson</u> petition for writ of certiorari raising only one issue: "Whether petitioner's guilty plea complied with the mandates set forth in <u>Boykin v. Alabama</u>?" (Resp't's Mem. Supp. Summ. J. Mot. Ex. 1.)  On January 31, 2006, petitioner filed a pro se <u>Johnson</u> petition for writ of certiorari raising three issues, quoted verbatim:

> 1.  Whether petitioner's guilty plea complied with the mandates in <u>Boykin v. Alabama</u>, and S.C. Code 22-5-180?
>
> 2. Whether petitioner's lack of jurisdiction complied with Rule 3(c), SCRCP, Rule 44(d), SCRCP, also <u>United State v. Hill</u>, F.3d at 884?
>
> 3. Whether petitioner's lack of subject matter jurisdiction complied with <u>State v. James</u>, 472 S.E.2d 38 (S.C. 1996)?

(*Id*. Ex. 2.)

On February 15, 2006, the matter was transferred to the South Carolina Court of Appeals. On November 9, 2006, the South Carolina Court of Appeals denied the petition for writ of certiorari and granted's petition to be relieved. (Resp't's Mem. Supp. Summ. J. Mot. Ex. 3.) The remittitur was entered on January 6, 2007. (*Id*.) Also, on January 6, 2007, the Clerk's office advised the petitioner that his *pro se* material was included as part of the court's review. (*Id*.)

## II. PETITIONER'S GROUND FOR RELIEF

In his petition for habeas, petitioner raises the following grounds for relief, quoted verbatim:

**Ground One:** Ineffective Assistance of Counsel.
**Supporting Facts:** Counsel never had a preliminary hearing./I asked to withdraw plea. Counsel never had a bond hearing. Counsel never had private investigator/I was medicated when I plead guilty. Counsel never appealed competency/Blair hearing. Counsel never advised warrants and indictments weren't properly filed through clerk of court./ Never advised me the sentence carried 85%. Counsel never had a fast and speedy trial. I requested/never filed direct appeal.

**Ground Two:** Invalid Plea of Guilty
**Supporting Facts**: Counsel never informed me or judge of not being eligible for parole on the record. Counsel never researched, investigated, or hired private investigator for a possible double jeopardy violation. I was medicated when coerced to plea (Haldol - anti-psychotic). Didn't have full understanding of the law.

**Ground Three:** Lack of Jurisdiction
**Supporting Facts:** Indictments are not filed with the Clerk of Court - jurisdictional defect. Warrants defect - the affiant who swore to the arrest warrants was also the same person who served the arrest warrant.

**Ground Four:** Lack of Subject Matter Jurisdiction
**Supporting Facts:** Count one burglary is vague and ambiguous. There was no person at the grand jury proceeding who had personal knowledge of the facts. Complaining witnesses did not appear before the Grand Jury. A law enforcement officer did not see anything so how can officer relay facts. Counsel never argued the Court of Sumter County only entertained invalid guilty plea, ineffective assistance of counsel and denied the grounds with prejudice.

(Pet. 6-11.)

### III.  SUMMARY JUDGMENT

As stated above, on April 18 2007, the respondent filed a return and memorandum of law in support of their motion for summary judgment and petitioner filed a response in opposition on June 5, 2007.

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases.  *See* Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).  The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.   If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).

The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial."  The opposing party may not rest on the mere assertions contained in the pleadings.  Fed. R. Civ. P. 56(e);  Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial.  *See* Fed. R. Civ. P. 56(c).  Where the movant can show a complete failure of proof concerning an essential element of the non-moving

party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In Celotex, the Court held the defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the petitioner had failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## IV. STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," a petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, " '[a] federal habeas court may grant the writ if the state court identifies the correct governing principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (*quoting* Williams v. Taylor, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal

7

law is not, in all instances, objectively unreasonable." Id.  "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

## V. DISCUSSION AS TO PROCEDURAL BAR

### A. Procedural Bar

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

### 1. Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (I) there is either an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.

> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. The United States Supreme Court has consistently enforced the exhaustion requirement.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. SCAR 207; Blakeley v. Rabon, 221 S.E.2d 767 (S.C. 1976). The second avenue of relief is by filing an application for PCR. S.C. Code Ann. § 17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. S.C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or

9

through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977); Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983).

## 2. Procedural bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and

while the attention of the appellate court is focused on his case. Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar, . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation. Smith v. Murray, supra (*quoting* Wainwright v. Sykes, 433 U .S. at 84 (1977)); *see also* Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. Murray v. Carrier, 477 U.S. 478, 496 (1986).

3. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir.1997)(*citing* Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991); Teague v. Lane, 489 U.S. 288,297-98 (1989); and George v. Angelone, 100 F.3d 353,363 (4th Cir. 1996).

4. Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. <u>Granberry v. Greer</u>, 481 U.S. 129, 131 (1987). In order to have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, <u>Coleman v. Thompson</u>, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. <u>Murray v. Carrier</u>, 477 U.S. 478 (1986). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* at 478.

Absent a showing of "cause," the court is not required to consider "actual prejudice." <u>Turner v. Jabe</u>, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. <u>Murray v. Carrier</u>, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. <u>United States v. Frady</u>, 456 U.S. 152 (1982).

In <u>Kornahrens v. Evatt</u>, 66 F.3d 1350 (4th Cir. 1995), the Fourth Circuit Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. The Court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta. *See* <u>Karsten v. Kaiser Foundation Health Plan</u>, 36 F.3d 8, 11 (4th Cir. 1993). Therefore, once a court has determined that a claim is procedurally barred, it should not stray into other considerations.

## VI. MERITS

### A. Ground One

As set out above, in Ground One, petitioner alleges trial counsel was ineffective for numerous reasons:

> Counsel never had a preliminary hearing./I asked to withdraw plea. Counsel never had a bond hearing. Counsel never had private investigator/I was medicated when I plead guilty. Counsel never appealed competency/Blair hearing. Counsel never advised warrants and indictments weren't properly filed through clerk of court./ Never advised me the sentence carried 85%. Counsel never had a fast and speedy trial. I requested/never filed direct appeal.

(Pet. 6.) However, most of these issues were not raised and ruled on by the PCR judge.[3] In his order, the PCR judge ruled on only two issues: whether trial counsel was ineffective for failing to get an independent mental evaluation and failing to inform petitioner about having to serve 85% of his sentence before he would become parole eligible. (App. 197-200.) The PCR judge did not address the remaining issues in its order of dismissal. Therefore, the South Carolina Supreme Court would not have been able to review these issues. Accordingly, these issues are barred from habeas review. Coleman v. Thompson, 501 U.S. 722 (1991). Further, petitioner has not alleged any cause and prejudice to overcome the procedural default. As previously discussed, it is petitioner's burden to raise cause and prejudice or actual innocence and a court need not consider cause and prejudice or actual innocence if not asserted by the petitioner. Burket v. Angelone, 208 F.3d 172, 183 n. 10 (4th Cir. 2000).

---

[2]Petitioner did not file a direct appeal. However, petitioner filed a pro se petition for writ of certiorari in his PCR in which he raised most of the above stated allegations. However, the state supreme court would have been barred from addressing these issues because the PCR court did not rule on these issues.

Turning to the two issues which the PCR judge did rule on, the undersigned finds the PCR's judge's decision was not contrary to, nor an unreasonable application of, federal law. First, petitioner alleges trial counsel was ineffective for failing to obtain an independent mental evaluation.

As noted above, petitioner pled guilty and a guilty plea generally precludes a defendant from challenging defects in the process which occurred prior to the plea. A defendant "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann." Tollett v. Henderson, 411 U.S. 258, 267 (1973). When such a claim is raised, the voluntariness issue is subsumed within the claim of effectiveness of the attorney's assistance.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court of the United States established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the test requires that petitioner demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." Id. at 688. The second prong requires the petitioner to show that the deficient performance prejudiced the defense. Id. at 687. In order to satisfy the prejudice requirement of the two-prong test set forth in Strickland, defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Lockhart v. Fretwell, 506 U.S. 364 (1993).

In addition, "a defendant who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet." Hill v. Lockhart, 474 U.S. 52, 53-59 (1985). In the case of a guilty plea, the defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59 (1985) (footnote omitted). "A reasonable probability is a probability sufficient to undermine

14

confidence in the outcome." Strickland, 466 U.S. at 694. Further, there is a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. *Id.* at 689-90.

Petitioner contends trial counsel was ineffective for failing to obtain an independent mental evaluation. On this issue, the PCR judge held:

> This Court finds that Dr. Tracy Gunter, a highly qualified forensic psychiatrist, examined Applicant and testified at a Blair hearing before the Honorable Clifton Newman on July 26, 2002, that Applicant was competent to stand trial. The record revealed that an extensive evaluation of Applicant's background and psychological/psychiatric history were all taken into account by Dr. Gunter prior to her determining that Applicant was competent to stand trial. Although this evaluation was contested at the sentencing phase of Applicant's guilty plea process, this Court finds that plea counsel was more than effective and met the acceptable standard of care in requesting the competency evaluation in the first place. As well, this Court finds that there was more than adequate evidence to support Dr. Gunter's findings.
>
> Further, this Court finds that as to the competency of Applicant on the day of the plea, Dr. Gunter's findings of a few weeks prior to the plea are instructive. Additionally instructive to this Court is a review of the guilty plea transcript and Applicant's responses to the questions put to him by Judge King. This Court finds that those responses are so inconsistent with the responses that Applicant gave to Dr. Noelker a few weeks afterwards, as to suggest some type of malingering, as Dr. Gunter suggested in her report.
>
> This Court finds that Applicant understood the consequences of a guilty plea, his Constitutional rights, and the possible sentences. This Court finds that plea counsel was not deficient in any aspect of his representation and performed well within reasonable professional norms for a criminal defense attorney. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984); Hill v. Lockhart. This Court further finds the Applicant also failed to carry his burden of proof to show that but for plea counsel's alleged deficient representation he would have not pled guilty but would have insisted on going to trial. Roscoe v. State. Furthermore, this Court finds the Applicant's guilty plea was knowingly and voluntarily made. Boykin v. Alabama; Pittman v. State. Therefore, the Applicant's guilty plea was not rendered

>  involuntary as a result of the ineffective assistance of counsel.
>  Accordingly, the allegation of involuntary guilty plea resulting from
>  the allegation of ineffective assistance of counsel is denied.

(App. 199-200.)

At the Blair hearing, counsel questioned Dr. Gunter extensively on cross-examination (App. 10-22.) At the guilty plea, counsel stated he had explained the charges and the elements of the each offense to the petitioner (App. 37-38) and he thought petitioner understood the charges and wanted to pled guilty. (App. 39.) Furthermore, throughout the guilty plea, petitioner acted in a manner exhibiting competence. Burket, 208 F.3d at 192. At the plea hearing, the state trial court conducted an extensive colloquy with petitioner concerning the voluntariness and intelligence of his guilty plea. (App. 39-44; 45-48.) Petitioner's replies to the state trial court's questions were clear and responsive. (*Id*.) Petitioner clearly demonstrated his understanding of the charges and the trial proceedings. Indeed, in the colloquy with the state trial court, petitioner acknowledged that he had discussed the charges with his attorney, he understood the nature of the charges against him, he was pleading guilty because he was in fact guilty, that he was waiving certain constitutional rights, and that he understood the possible sentences he could receive. (*Id.*) His responses reflect a clear understanding of the proceeding. Burket, 208 F.3d at 192. He also stated he was not aware of any "physical, emotional, or nervous problem that would keep [him] from understanding what [he] was doing . . ." (App. 40.) Additionally, throughout the time leading up to petitioner's guilty plea, trial counsel testified petitioner did nothing to him to question his competency and he never had problems communicating with petitioner. (App. 157-158, 160, 164.) Further, petitioner underwent a mental evaluation and was found competent by the trial court. *See also* Maggio v. Fulford, 462 U.S. 111 (1983)(trial court's finding of competency was "fairly supported by the record" and therefore binding

on federal habeas review). Petitioner's argument that counsel should have obtained an independent mental evaluation for petitioner, despite the fact that petitioner had already undergone a mental evaluation and was found competent and, after a Blair hearing where the trial court held the petitioner was competent to stand trial is meritless. The PCR judge's decision finding counsel was not ineffective is not unreasonable.

Next, petitioner contends trial counsel was ineffective for failing to advise him that he would not be eligible for parole until he had served 85% of his sentence. Petitioner testified at the PCR hearing that trial counsel had not informed him about parole. (App. 169-170.) He testified trial counsel told him he would find out about parole when he went to "RNE" and petitioner left it at that. (App. 170.) Trial counsel testified that he always advises violent crime offenders of the 85% rule and that he went over punishment with petitioner and "undoubtably" he went over the 85% requirement. (App. 156-157, 160.) The PCR court found petitioner's testimony was not credible. (App. 197, 199.) Petitioner fails to show clear and convincing evidence that this factual finding was incorrect.

Even if the PCR judge had found petitioner's testimony credible, it would not have supported an ineffective assistance of counsel claim. Parole eligibility calculations, while perhaps useful to defendants in determining whether they wish to exercise their right to jury trial or enter a plea agreement, need not be disclosed to defendants contemplating a plea agreement. Strader v. Garrison, 611 F.2d 61, 63 (4th Cir. 1979)(holding "[o]rdinarily, parole eligibility is such an indirect and collateral consequence, of which a defendant need not be specifically advised by the court or counsel before entering a plea of guilty.") Deficient performance arises only when counsel misinforms a defendant about parole eligibility and a defendant relies upon the misinformation. Id. at 65. The

17

failure to provide parole eligibility information does not, taken alone, render assistance from counsel ineffective. *Id.* There is absolutely no testimony in the record that petitioner inquired about parole and counsel gave him misinformation. Accordingly, the PCR judge's ruling that counsel was not ineffective was not contrary to nor an unreasonable application of federal law, or an unreasonable determination of the facts.

**Ground Two**

As set out above in Ground Two, petitioner contends that his guilty plea was invalid for several reasons:

> Counsel never informed me or judge of not being eligible for parole on the record. Counsel never researched, investigated, or hired private investigator for a possible double jeopardy violation. I was medicated when coerced to plea (Haldol - anti-psychotic). Didn't have full understanding of the law.

(Pet. 7.) Again, except for the issue regarding parole eligibility, these issues are barred as the PCR judge did not rule on them. The PCR judge addressed only the issue regarding whether petitioner was properly informed about his parole eligibility. Further, petitioner has not presented or addressed an argument of cause to overcome the procedural default in his response to respondents' motion for summary judgment. As previously discussed, it is petitioner's burden to raise cause and prejudice or actual innocence. A court need not consider cause and prejudice or actual innocence if not asserted by the petitioner. Burket v. Angelone, 208 F.3d 172, 183 n. 10 (4th Cir. 2000). Accordingly, except for the parole eligibility issue, the issues petitioner raises in Grounds Three and Four are barred from habeas review. Furthermore, as discussed above in Ground One, the parole eligibility issue is without merit and the PCR judge's ruling on this issue was not contrary to nor an unreasonable application of federal law, or an unreasonable determination of the facts.

**Grounds Three and Four**

As set out above, in Ground Three, petitioner contends that the court lacked subject matter jurisdiction and for Supporting Facts, he alleges**:**

> Indictments are not filed with the Clerk of Court - jurisdictional defect. Warrants defect - the affiant who swore to the arrest warrants was also the same person who served the arrest warrant. because the indictments were not filed with the Clerk of Court as required by Rule 3, SCCrimP, and the affiant who swore to the arrest warrants was also the same person who served the arrest warrant.

(Pet. 9.)    Additionally, as set out above, in Ground Four, petitioner contends the trial court lacked subject matter jurisdiction and for Supporting Facts, he alleges:

> Count one burglary is vague and ambiguous. There was no person at the grand jury proceeding who had personal knowledge of the facts. Complaining witnesses did not appear before the Grand Jury. A law enforcement officer did not see anything so how can officer relay facts. Counsel never argued the Court of Sumter County only entertained invalid guilty plea, ineffective assistance of counsel and denied the grounds with prejudice.

(Pet. 11.)  The PCR judge did not rule on any of these issues. Thus, these issues are barred from habeas review.  Coleman v. Thompson, 501 U.S. 722 (1991).  Further, petitioner has not presented or addressed an argument of cause to overcome the procedural default in his response to respondents' motion for summary judgment. As previously discussed, it is petitioner's burden to raise cause and prejudice or actual innocence.  A court need not consider cause and prejudice or actual innocence if not asserted by the petitioner.  Burket v. Angelone, 208 F.3d 172, 183 n. 10 (4th Cir. 2000). Accordingly, the issues petitioner raises in Grounds Three and Four are barred from habeas review.

## VII. CONCLUSION

Based on the foregoing, it is recommended that respondent's motion for summary judgment (document #11) be GRANTED and petitioner's petition for Writ of Habeas Corpus should be denied, and the petition dismissed without an evidentiary hearing.

                Respectfully submitted,

                s/Thomas E. Rogers, III
                Thomas E. Rogers, III
                United States Magistrate Judge

February 1 , 2008
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**